IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| GENE R. SLIVKA, as Trustee of SLIVKA FAMILY CHILDREN'S TRUST AND GENE R. SLIVKA, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>BOSCH THERMOTECHNOLOGY CORP. d/b/a BOSCH; ROBERT BOSCH LLC, d/b/a BOSCH; AND XYZ COMPANIES 1-5,<br><br>Defendants. | Civil Action No. 2:19-cv-00455-DCN<br><br><br><br>**BOSCH THERMOTECHNOLOGY CORP. AND ROBERT BOSCH LLC'S AMENDED ANSWER TO COMPLAINT** |

Defendants, Bosch Thermotechnology Corp. and Robert Bosch LLC ("Defendants") submit the following Amended Answer and Affirmative Defenses in response to the Plaintiff's Complaint.

**INTRODUCTION**

1. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 1 of the Complaint, and therefore deny those allegations.

2. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 2 of the Complaint, and therefore deny those allegations.

3. Answering Paragraph 3 of the Complaint, Defendants admit the allegations set forth in the first two sentences. The remaining allegations set forth in Paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent the remaining allegations of Paragraph 3 are construed as allegations against Defendants, those allegations are denied.

4. Answering Paragraph 4 of the Complaint, Defendants admit the allegations set forth in the first two sentences. The remaining allegations set forth in Paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent the remaining allegations of Paragraph 4 are construed as allegations against Defendants, those allegations are denied.

5. The allegations set forth in Paragraph 5 of the Complaint concern other potential defendants and require no response from the Defendants. To the extent the allegations of Paragraph 5 are construed as allegations against Defendants, those allegations are denied.

6. Answering Paragraph 6 of the Complaint, Defendants admit that this case arises from damage to property in Colleton County, South Carolina. Defendants deny the remaining allegations set forth in Paragraph 6.

7. Defendants deny the allegations set forth in Paragraph 7 of the Complaint.

8. The allegations set forth in Paragraph 8 of the Complaint are conclusions of law to which no response is required. To the extent the allegations of Paragraph 8 are construed as allegations against Defendants, those allegations are denied.

## AS TO THE FACTUAL ALLEGATIONS

9. Answering Paragraph 9 of the Complaint, Defendants incorporate the foregoing responses.

10. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10 of the Complaint, and therefore deny those allegations.

11. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 11 of the Complaint, and therefore deny those allegations.

12. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 12 of the Complaint, and therefore deny those allegations.

13. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 13 of the Complaint, and therefore deny those allegations.

14. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 14 of the Complaint, and therefore deny those allegations.

15. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 15 of the Complaint, and therefore deny those allegations.

16. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 16 of the Complaint, and therefore deny those allegations.

## AS TO THE FIRST CAUSE OF ACTION
### (Negligence)

17. Answering Paragraph 17 of the Complaint, Defendants incorporate the foregoing responses.

18. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 18 of the Complaint, and therefore deny those allegations.

19. Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint against them, including all subparts.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 24 of the Complaint, and therefore deny those allegations.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 28 of the Complaint, and therefore deny those allegations.

29. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 29 of the Complaint, and therefore deny those allegations.

30. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 30 of the Complaint, and therefore deny those allegations.

31. Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION
**(Breach of Warranties)**

32. Answering Paragraph 32 of the Complaint, Defendants incorporate the foregoing responses.

33. Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34. Defendants deny the allegations set forth in Paragraph 34 of the Complaint, including subparts.

35. Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

36. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 36 of the Complaint, and therefore deny those allegations.

37. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 37 of the Complaint, and therefore deny those allegations.

38. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 38 of the Complaint, and therefore deny those allegations.

39. Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION
**(Strict Liability)**

40. Answering Paragraph 40 of the Complaint, Defendants incorporate the foregoing responses.

41. Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43. Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44. Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45. The allegations set forth in Paragraph 45 of the Complaint are conclusions of law to which no response is required. To the extent the allegations of Paragraph 45 are construed as allegations against Defendants, those allegations are denied.

## AS TO THE FOURTH CAUSE OF ACTION
**(Punitive Damages)**

46. Answering Paragraph 46 of the Complaint, Defendants incorporate the foregoing responses.

47. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in the first sentence of Paragraph 47 of the Complaint, and therefore deny those allegations. Defendants deny the remaining allegations set forth in Paragraph 47 of the Complaint.

48. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 48 of the Complaint, and therefore deny those allegations.

49. Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50. Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51. Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52. Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53. Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54. Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55. Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56. Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57. Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

## PRAYER FOR RELIEF

58. Defendants deny that Plaintiffs are entitled to any of the relief cited in the Prayer for Relief of the Complaint.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

### First Affirmative Defense

59. The Complaint and the causes of action contained therein fail to state a claim upon which relief can be granted.  Therefore, all causes of action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Second Affirmative Defense

60. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of unclean hands, waiver, laches and estoppel.

### Third Affirmative Defense

61. Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of the risk.

### Fourth Affirmative Defense

62. Plaintiffs' claims are barred, in whole or in part, because the sole proximate, legal, efficient, and producing or superseding or intervening cause of any alleged injury to the Plaintiffs, or and any alleged damages, was Plaintiffs' own actions or omissions.

### Fifth Affirmative Defense

63. Plaintiffs' claims are barred, in whole or in part, because any damages and injuries allegedly incurred or sustained by the Plaintiffs were caused, in whole or in part, by Plaintiffs' contributory or comparative negligence, fault, responsibility, or causation, and want of due care. Therefore, any recovery by the Plaintiffs should be barred or reduced accordingly.

### Sixth Affirmative Defense

64. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate any injuries and damages allegedly sustained, and by the doctrine of avoidable consequences.

### Seventh Affirmative Defense

65. Plaintiffs' alleged injuries and damages were due to and proximately caused by the negligence, recklessness, willfulness, and wantonness of other entities. Plaintiffs' claims, therefore, should be barred or reduced due to such negligence, recklessness, willfulness, and wantonness.

### Eighth Affirmative Defense

66. Plaintiffs' claims are barred, in whole or in part, because any injuries and damages allegedly sustained or incurred by Plaintiffs were caused, in whole or in part, by acts or omissions of others for whose conduct Defendants are not responsible.

**Ninth Affirmative Defense**

67.     Upon information and belief, the accident described in the Complaint and the resulting injuries were proximately caused by the abuse, misuse, improper use, improper maintenance and/or repair, alteration, or modification of the subject heat pump or other failure to maintain it in a safe condition and the failure to exercise reasonable care under circumstances in the use or maintenance of the subject heat pump.

**Tenth Affirmative Defense**

68.     To the extent the Plaintiffs or those in Plaintiffs' control have failed to preserve or have altered evidence relevant to this matter, the Plaintiffs may be subject to action by the Court for spoliation.

**Eleventh Affirmative Defense**

69.     Defendants allege that if they were negligent in any respect, which is specifically denied, then their negligence was at most passive and inactive, and the negligence of others was the real, active and primary causes of the alleged injuries complained of in the Complaint.  This superseding, initiating, and intervening negligence is pleaded in bar of recovery by Plaintiffs.

**Twelfth Affirmative Defense**

70.     Plaintiffs are barred from recovering any damages by virtue of the fact that the dangers alleged by Plaintiffs, if any, were open and obvious.

**Thirteenth Affirmative Defense**

71.     Plaintiffs' claims for breach of warranties are barred because such warranties are expressly excluded, disclaimed, and are limited by a written warranty, which accompanied the sale of the goods at issue; any warranties had expired prior to the accident date; Plaintiffs failed to give timely notice of any alleged breach of warranty; and Plaintiffs' recovery for breach of

8

warranty is limited to those remedies set forth in the written warranty that accompanied the sale of the goods at issue.

### Fourteenth Affirmative Defense

72. Any defect which may have existed in the heat pump referred to in the Complaint, which defect is specifically denied, did not exist when the heat pump left the control of the manufacturer and/or distributor.

### Fifteenth Affirmative Defense

73. The subject heat pump was designed, manufactured and assembled in compliance with all applicable industry and governmental standards and regulations and, therefore, Plaintiffs cannot recover against Defendants.

### Sixteenth Affirmative Defense

74. The subject heat pump was state-of-the-art and did not present an unreasonable risk to Plaintiffs and, therefore, Plaintiffs cannot recover against Defendants.

### Seventeenth Affirmative Defense

75. To the extent the accident of which Plaintiffs complain was a proximate consequence of the subject heat pump having been substantially and materially modified or altered, the Plaintiffs cannot recover against Defendants.

### Eighteenth Affirmative Defense

76. Defendants affirmatively plead all defenses which are/may become available to them under Restatement (Second) of Torts § 402A and the comments thereto or the Uniform Commercial Code and the comments thereto.

### Nineteenth Affirmative Defense

77. This action is barred, in whole or in part, by S.C. Code Ann. § 15-73-20.

### Twentieth Affirmative Defense

78. None of Plaintiffs' causes of action states a claim sufficient to support an award of punitive damages.

### Twenty-First Affirmative Defense

79. Defendants claims their right to set off, settlement or judgment credits, to the extent applicable and allowed pursuant to South Carolina law.

### Twenty-Second Affirmative Defense

80. Defendants plead possible applicability of the S.C. Code Ann. § 15-38-15 as to apportionment of fault.

### Twenty-Third Affirmative Defense

81. Defendants plead the sophisticated user and/or learned intermediary doctrines, including all applicable case law and statutes, as an affirmative defense.

### Twenty-Fourth Affirmative Defense

82. This Court does not have personal jurisdiction over some or all of the Defendants in this matter.

### Twenty-Fifth Affirmative Defense

83. Plaintiffs' remedies may be limited pursuant to the economic loss doctrine.

### Twenty-Sixth Affirmative Defense

84. Plaintiffs' claim for punitive damages cannot be sustained because an award of punitive damages would violate Defendants' rights under the Constitution of the United States of America and the Constitution of the State of South Carolina, and, therefore, the prayer for such damages should be stricken from the Complaint.

**Twenty-Seventh Affirmative Defense**

85. The Plaintiffs cannot obtain a verdict for punitive damages under the strict liability or warranty causes of action. Further, any recovery by the Plaintiffs on the claim for punitive damages is subject to the cap set forth in S.C. Code Ann. § 15-32-530 and any caps imposed pursuant to constitutional, statutory or common law.

**Twenty-Eighth Affirmative Defense**

86. Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under applicable state law by a jury that (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth and corporate status of Defendants, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim for punitive damages and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the equivalent provision(s) of the applicable state constitution, and would be improper under the common law

and public policies of applicable state law.

### Twenty-Ninth Affirmative Defense

87. Plaintiffs' claims for punitive damages against Defendants cannot be sustained, because any award of punitive damages under applicable state law without the apportionment of the award separately and severally between or among any joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and the equivalent provision(s) of the applicable state constitution, and would be improper under the common law and policies of applicable state law.

### Thirtieth Affirmative Defense

88. Plaintiffs' claims for punitive damage cannot be sustained because no provision of South Carolina law or the South Carolina punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in applicable Supreme Court jurisprudence.

### Thirty-First Affirmative Defense

89. Plaintiffs' claims for punitive damages cannot be sustained because, in the admission of evidence, the standards provided the trier of fact (including jury instructions), and post-trial and appellate review, South Carolina law and the South Carolina punitive damage scheme place undue emphasis on a defendant's wealth as a basis for making and enhancing a punitive damage award, and do not require that the award must not be based on any desire to redistribute wealth.

### Thirty-Second Affirmative Defense

90. Plaintiffs' claims for punitive damages cannot be sustained because under South Carolina law and the South Carolina punitive damage scheme, there is no limit on the number of times Defendants could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

### Thirty-Third Affirmative Defense

91. Insofar as the punitive damage award sought by Plaintiffs seeks to impose punitive damages under South Carolina law for conduct in other states, the award violates: (a) Defendants' rights to due process under the Fourteenth Amendment of the United States Constitution and under similar provisions of the South Carolina Constitution; (b) the dormant or negative commerce clause derived from Article I, section 8, clause 3 of the United States Constitution; (c) the Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution; and (d) the requirement of the United States Constitution that a state respect the autonomy of other states within their spheres.

### Thirty-Fourth Affirmative Defense

92. Plaintiffs' claim for punitive damages violates the federal doctrine of separation of powers and the South Carolina Constitution for the reason that punitive damages are a creation of the judicial branch of government which invades the province of the legislative branch of government.

### Thirty-Fifth Affirmative Defense

93. Plaintiff's claims are barred pursuant to the applicable statute of limitations under South Carolina law.

**Thirty-Sixth Affirmative Defense**

94. Plaintiff's claims are barred pursuant to the statute of repose set forth in S.C. Code Ann. § 15-3-640 *et seq.*

**Thirty-Seventh Affirmative Defense**

95. Defendants have not had an opportunity to investigate or engage in discovery concerning the claims set forth in the operative Complaint. Defendants shall engage in the information gathering process concerning the pertinent facts of the reported injuries and damages alleged. Defendants hereby give notice that they intend to assert all further affirmative defenses that that its investigation indicates is supported by fact or law.

WHEREFORE, Defendants demand a trial by jury and respectfully request that the Court grant the following relief:

1. That Plaintiffs' claims be dismissed with prejudice;

2. That each and every prayer for relief in the Complaint be denied; and

3. That all available costs and attorneys' fees be awarded to Defendants and against the Plaintiffs, along with such other and further relief as the Court may deem just and proper.

**-signature block on next page-**

Respectfully submitted,

                              WOMBLE BOND DICKINSON (US) LLP

                              s/ Henry B. Smythe Jr.
                              Henry B. Smythe, Jr., Federal Bar No. 4226
                              Matthew E. Tillman, Federal Bar No. 9115
                              Five Exchange Street (29401)
                              P.O. Box 999
                              Charleston, SC 29402-0999
                              (843) 722-3400

March 15, 2019
Charleston, South Carolina            *ATTORNEYS FOR DEFENDANTS BOSCH THERMOTECHNOLOGY CORP., d/b/a BOSCH and ROBERT BOSCH LLC, d/b/a BOSCH*